## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DIAN A. RAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.** CIV-14-710-F |
| ) | |
| **THE STATE OF OKLAHOMA, ex rel.** ) | |
| **BOARD OF REGENTS OF THE** ) | |
| **UNIVERSITY OF OKLAHOMA,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.     This is a civil action asserting causes of action for employment discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff asserts that she was discriminated against by Defendant because of her race, national origin, and gender, and retaliated against because she complained about such discrimination.

## II. PARTIES

2.     Plaintiff, Dian A. Ray, is a resident of the United States and the State of Oklahoma, and resides in Weatherford, Oklahoma, within the Western District.

3.     Defendant, The State of Oklahoma, ex rel. Board of Regents of the University of Oklahoma, is an institution of higher education with facilities in Norman, Oklahoma City, and other locations within the State of Oklahoma in the Western District.

### III.  JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5.      Venue is proper under 42 U.S.C. § 2000e-5(f)(3).

### IV.  CONDITIONS PRECEDENT

6.      On or about June 21, 2013, Plaintiff filed an EEOC Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC") complaining of race (Asian), sex (female), national origin (Indonesian), and pregnancy discrimination, and retaliation by her former employer, the University of Oklahoma Health Sciences Center. The EEOC prepared a Form 5, Charge of Discrimination, which was signed by Plaintiff on July 5, 2013, and mailed by the EEOC to Defendant on or about July 31, 2013.

7.      The EEOC issued a notice of right to sue dated April 9, 2014, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of said notice.

### V.  FACTUAL ALLEGATIONS

8.      Defendant, University of Oklahoma, has had approximately ten thousand (10,000) employees each work week during calendar years 2013 and 2014 year to date.

9.      Defendant is a covered employer under Title VII, and is subject to the requirements imposed upon employers thereunder.

10.      Plaintiff is an Asian female whose national origin is Indonesian.

11.      Plaintiff was initially hired by Defendant as a regular employee on or about March 11, 2013, in the position of IRB Business Analyst in its Office of Human

2

Research Participant Protection (OHRPP) at the University of Oklahoma Health Sciences Center. Plaintiff was qualified for such position based upon her education, training, and prior work experience.

12.     On April 30, 2013, Plaintiff's supervisor, Mathew Smith, who is the Director, Office of Human Research Participant Protection (HRPP), verbally attacked Plaintiff during a meeting with co-workers. During a subsequent meeting that day among Plaintiff, Smith, and Donna Hogan, Assistant Director, HRPP, Smith accused Plaintiff of being rude when she failed to make eye contact. Plaintiff explained that in her culture she had been taught to look down or away when a person in authority was addressing her. Smith told her that she was in America and it was rude for her to avoid eye contact. Smith also told Plaintiff she was just making excuses when she informed him she was suffering from postpartum depression.

13.     Smith over-scrutinized Plaintiff's job performance and work activities. On or about May 2, 2013, Smith mandated that Plaintiff give him a daily log of all her activities. White, non-Asian, and male employees under Smith's supervision did not have to keep a daily log.

14.     On May 6, 2013, Plaintiff complained to Bobby Mason, Director of Compliance and Smith's boss, about discrimination by Smith because of her race, national origin, and gender.

15.     Mason forwarded the complaint to Shad Satterthwaite, OU EEO Officer, for handling of the matter. Mason alleged that he had a conflict because he supervised

Smith.

16.     On May 9, at approximately 10:30 a.m., Plaintiff met with Satterthwaite to discuss her discrimination complaint against Smith. Later the same day, Satterthwaite issued a "Report of Investigation Findings and Recommendations" which states that he had investigated Plaintiff's complaint and concluded that "the evidence does not show reasonable cause to believe that the allegations concerning Mr. Smith rise to the level of a violation of university policy or state and federal laws." Satterthwaite then dismissed Plaintiff's grievance.

17.     The following day, on May 10, Smith delivered a letter to Plaintiff stating that: "...in the best interest of the Office of Human Research Protection/Institutional Review Board, your employment is being terminated effective May 10, 2013." Plaintiff had not received any written warning or disciplinary action concerning her work performance prior to her discharge.

18.     Defendant took adverse actions against Plaintiff because of her race, national origin, and gender, and her opposition to illegal discrimination prohibited by Title VII.

19.     All adverse discriminatory employment actions taken by Defendant against Plaintiff, including, without limitation, her discharge, because of Plaintiff's race, national origin, gender, and/or retaliation, were intentional and in violation of Plaintiff's legal rights under Title VII.

20.     Defendant has written policies alleging that its employees will not be

4

subjected to discrimination because of race, national origin, or gender, and/or retaliated against for complaining about such discrimination. Nonetheless, Defendant intentionally discriminated and retaliated against Plaintiff in violation of its written policy and the law.

21.     Plaintiff's compensation from Defendant was approximately $59,000 per year plus fringe benefits.

22.     As a result of Defendant's actions, Plaintiff has sustained loss of employment, loss of wages, loss of benefits and other compensation, loss of future wages and other compensation, and has suffered other compensatory damages, including, without limitation, loss of dignity, humiliation, stress, worry, and loss of enjoyment of life.

## VI.  FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE VII

23.     Plaintiff incorporates hereunder by reference paragraphs 1-22, as set forth above.

24.     Plaintiff is protected from employment discrimination because of her race, national origin, and gender, and from retaliation because she opposed race, national origin, and gender discrimination, under Title VII.

25.     Plaintiff's race (Asian), national origin (Indonesian), and/or sex (female) were motivating factors for Defendant's adverse treatment of Plaintiff, including her being discharged. Plaintiff was also discharged because she opposed discriminatory treatment in violation of Title VII. As a result, Plaintiff sustained the losses and damages

described in ¶ 22, above.

26.     Defendant's adverse employment actions taken against Plaintiff violate Title VII, and Plaintiff is entitled to all remedies provided by such statute.

## VII.  **JURY TRIAL REQUESTED**

27.     Plaintiff is entitled to and hereby requests a jury trial.

## VIII.  **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

A.     Payment of back wages, benefits, and compensation;

B.     All compensatory and consequential damages, including but not limited to, loss of dignity, humiliation, stress, worry, and loss of enjoyment of life;

C.     Declaratory and injunctive relief as appropriate;

D.     Reinstatement to employment with Defendant, or future pay in lieu thereof;

E.     Pre-judgment and post-judgment interest;

F.     Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

s/Raymond C. Durbin
OBA No. 2554
601 NW 13th Street
Oklahoma City, OK 73103-2213
Telephone:   (405) 521-0577
Fax:              (405) 525-0528
E-mail:         durbinlaw@flash.net

ATTORNEY FOR PLAINTIFF

**JURY TRIAL DEMANDED.**

**ATTORNEY LIEN CLAIMED.**